IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOSE A. FLORES, On Behalf of Himself and All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | Civil Action No. _____ |
| v. | § § | |
| MIDWAY OILFIELD CONSTRUCTORS, INC. d/b/a MIDWAY ENERGY SERVICES | § § § § | Jury Demanded |
| Defendant. | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff JOSE A. FLORES, on behalf of himself and all others similarly situated ("Plaintiff" and "Class Members" herein) brings this Fair Labor Standards Act ("FLSA") suit against MIDWAY OILFIELD CONSTRUCTORS, INC. d/b/a MIDWAY ENERGY SERVICES, and in support thereof would respectfully show the Court as follows:

### I.  NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Plaintiff has worked for Defendant MIDWAY OILFIELD CONSTRUCTORS, INC. d/b/a MIDWAY ENERGY SERVICES (hereinafter referred to as "MIDWAY ENERGY" or "Defendant"), as a Tool Pusher. He is paid $19.50 per hour.

3. Plaintiff lives in Palestine, Texas. He routinely reports to MIDWAY ENERGY's location in Midway, Texas.

4. When Plaintiff reports to the Midway, Texas location for MIDWAY ENERGY, he is required to do things before arriving at the location: (1) perform a detailed pre-trip inspection of his work vehicle, provided to him by MIDWAY ENERGY, and (2) pick up three individuals who work at MIDWAY ENERGY.

5. The pre-trip inspection of the MIDWAY ENERGY work truck takes significant time each morning.

6. The pre-trip inspection of the MIDWAY ENERGY work truck is required of Plaintiff each day.

7. Additionally, picking up various employees of MIDWAY ENERGY is a requirement that MIDWAY ENERGY has made to Plaintiff.

8. Plaintiff must spend approximately 30 minutes each morning picking up various MIDWAY ENERGY employees around Palestine before driving over one hour from Palestine to Midway.

9. Then Plaintiff must drive over an hour from Midway to drop off the various MIDWAY ENERGY employees, whom he picked up that morning, to their respective homes in Palestine.

10. Plaintiff is not paid for any time spent inspecting the vehicle as required by MIDWAY ENERGY.

11. Plaintiff is not paid for any time spent collecting the various employees he is required to pick up each day before going to Midway, Texas.

12. Plaintiff is not paid for driving employees home at the end of the workday, as he is required to do by MIDWAY ENERGY.

13. Plaintiff works an estimated 3 hours a day for MIDWAY ENERGY that is unpaid. All of which is compensable at time-and-a-half.

14. MIDWAY ENERGY has other tool pushers who have the same requirements as Plaintiff: they perform a pre-trip inspection of their work trucks, and then are required to pick up various employees and bring them to the Midway, Texas location, and then take them home at the end of the day.

15. Plaintiff, and those similarly situated, routinely worked in excess of 40 hours per week but were not paid all of their overtime wages for doing so because Defendant wrongly treated time engaged in work as non-compensable drive time to and from work. However, Defendant specifically required its tool pushers to perform a pre-trip inspection of their vehicles and pick up various employees and bring them to MIDWAY ENERGY's facility in Midway, Texas. Plaintiff files this suit on behalf of himself and all other similarly-situated former and current Tool Pushers for MIDWAY ENERGY. Defendant violated the FLSA by failing to pay employees for all hours of work at the rates required by the FLSA. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

16. Plaintiff JOSE FLORES is an individual who has been employed by Defendant within the meaning of the FLSA. Plaintiff hereby consents to be a party in this action and his consent form is attached as "Exhibit A."

17. Plaintiff and "Class Members" are Defendant's current and former employees who worked at MIDWAY ENERGY as Tool Pushers, and who are required to bring employees of MIDWAY ENERGY to work and then take them home.

18. Defendant MIDWAY OILFIELD CONSTRUCTORS, INC. d/b/a MIDWAY ENERGY SERVICES is a corporation that does business in Texas. Defendant can be served with process through its registered agent: Billy A. Smith, 12627 N. E. Hwy 21, Midway, Texas 75852.

### III. JURISDICTION AND VENUE

19. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

20. Venue is proper in the Eastern District of Texas because the events forming the basis of the suit occurred in this District.

### IV. COVERAGE

21. At all material times, Defendant MIDWAY ENERGY has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and Class Members.

22. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

23. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

24. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person

and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

25. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V. FACTUAL ALLEGATIONS

26. Defendant is an oilfield services company that does business in various states.

27. Plaintiff JOSE FLORES is employed by Defendant as a Tool Pusher and has worked for Defendant since approximately April of 2010.

28. Plaintiff and Class Members are responsible for providing Defendant's services to Defendant's clients through direct supervision and control by Defendant.

29. Plaintiff and Class Members are paid hourly, and Defendant does pay them overtime.

30. However, they are not paid for the time spent picking up employees, which is required of them by MIDWAY ENERGY, and bringing them to MIDWAY ENERGY's Midway facility. And they are not paid for taking those employees back to their homes at the end of each day, as required by MIDWAY ENERGY.

31. Therefore, Plaintiff and Class Members routinely worked hours in excess of 40 hours per week and were not paid time-and-a-half for the hours over 40.

32. As a result of Defendant's policy and practice of not paying its employees time-and-a-half for certain hours worked over 40, Plaintiff and Class Members were not compensated for all hours worked in excess of 40 in a workweek at the rates required by the FLSA.

33. Defendant has employed and is employing other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff's.

34. Defendant was aware of its obligation to pay overtime to Plaintiff and Class Members and failed to do so. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and Class Members.

## VI. COLLECTIVE ACTION ALLEGATIONS

35. Plaintiff and Class Members performed the same or similar job duties as one another in that they are Tool Pushers who are required to pick up other MIDWAY ENERGY employees and bring them to MIDWAY ENERGY's Midway, Texas facility and then bring those workers home at the end of each day. They were not exempt employees under the FLSA, and Defendant routinely does pay them overtime for some of their overtime hours worked. Further, Plaintiff and Class Members were subjected to the same pay provisions in that they were paid on an hourly basis and not compensated at time-and-a-half for certain hours worked in excess of 40 hours in a work week for the time they spent picking up employees and taking them home as required by MIDWAY ENERGY. Thus, Class Members are owed unpaid overtime for the same reasons as Plaintiff.

36. Defendant's failure to compensate employees for hours worked in excess of 40 in a workweek as required by the FLSA results from a policy or practice of requiring its tool pushers to perform work without compensating them. This policy or practice is/was applicable to Plaintiff and Class Members. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applied to all Class Members.

## VII. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

37. During the relevant period, Defendant has violated and is violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed. Defendant has acted willfully in failing to pay Plaintiff and Class Members in accordance with the law.

## VIII. RELIEF SOUGHT

38. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendant as follows:

    a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit); and

    b. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

    c. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees; and

    d. For an Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

    e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Shane McGuire*
**SHANE MCGUIRE**
State Bar No. 24055940
THE MCGUIRE FIRM, PC
102 N. College St., Suite 301
Tyler, Texas 75702
Phone: 903-630-7154
Fax: 903-630-7173
shane@mcguirefirm.com


*/s/ Keith Miller*
**KEITH MILLER**
State Bar No. 14093750
LAW OFFICE OF KEITH MILLER
100 E. Ferguson, Suite 101
Tyler, Texas 75702
Phone: 903-597-4090
Fax: 903-597-3692
keith@5974090.net

**ATTORNEYS FOR PLAINTIFFS**